Cheng v. Holder

BIA
Bain, IJ
A089 249 813

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand fifteen.

PRESENT:
  ROBERT A. KATZMANN,
   *Chief Judge,*
  DEBRA ANN LIVINGSTON,
  SUSAN L. CARNEY,
   *Circuit Judges.*

_____

YING CHENG,
  *Petitioner,*

  v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

13-480(L);
13-2951(Con)
NAC

FOR PETITIONER:   Jim Li, Flushing, New York.

FOR RESPONDENT:   Joyce R. Branda, Acting Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel; Jesse

1

Lloyd Busen, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Ying Cheng, a native and citizen of the People's Republic of China, seeks review of a January 31, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") December 28, 2010, decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and a July 15, 2013, BIA decision denying her motion to reopen. *In re Ying Cheng*, No. A089 249 813 (B.I.A. Jan. 31, 2013), *aff'g* No. A089 249 813 (Immig. Ct. N.Y. City Dec. 28, 2010); *In re Ying Cheng*, No. A089 249 813 (B.I.A. July 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Asylum, Withholding of Removal, and CAT Relief

Cheng challenges for the first time in this appeal the IJ's adverse credibility and burden findings with respect to the

2

denial of her application for asylum, withholding of removal, and CAT protection based on her Falun Gong activities.  We decline to address the IJ's burden finding because the government properly raised the affirmative defense of issue exhaustion. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124-25 (2d Cir. 2007).  The government does not raise the defense of issue exhaustion  on Cheng's adverse credibility finding, however, and the government's affirmative defense on this issue was waived. *See id.*

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA.  *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well-established.  8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Cheng's, governed by the REAL ID Act of 2005, the agency may, "considering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, "without regard to whether" they go "to the heart

3

of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.  Here, the adverse credibility determination is supported by substantial evidence.

First, Cheng's testimony and application statement were inconsistent regarding the circumstances surrounding her detention in 1999, the length of her detention in August 2001, and whether authorities discovered her family's Falun Gong materials and issued a warrant for her brother's arrest in 2007. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3.  Cheng did not provide compelling explanations for these inconsistencies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

In addition to these inconsistencies, Cheng's evasive testimony regarding her brother's purported arrest warrant and her entry into the country, as well as her vague testimony regarding her release from detention further support the adverse credibility determination.  *See Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006); *see also Li Hua Lin v. U.S. Dep't*

4

*of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Moreover, Cheng's failure to provide corroboration of the incidents in China further bore negatively on her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ was not compelled to credit Cheng's explanation that she feared for her family's safety if they were to mail corroborating letters, given that she had presumably put them at risk by having them mail her identity documents in support of her asylum application. *See Majidi*, 430 F.3d at 80-81. Given Cheng's inconsistent and vague testimony, as well as her evasive demeanor and lack of corroboration, the totality of the circumstances supports the agency's adverse credibility finding. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167.

## II. Motion to Reopen

We review the BIA's denial of a motion to reopen for an abuse of discretion, mindful of the Supreme Court's admonition that

5

such motions are "disfavored." *INS v.* Doherty, 502 U.S. 314, 322-23 (1992); Ali *v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Aliens seeking to reopen proceedings may move to reopen no later than 90 days after the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Cheng concedes that her motion to reopen was not made within this statutory period. However, the limitation period may be tolled if the alien can demonstrate ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). To benefit from equitable tolling, the alien must demonstrate "that competent counsel would have acted otherwise, and that [s]he was prejudiced by h[er] counsel's performance." *Id.* at 131 (quotation marks and alterations omitted).

The BIA reasonably determined that Cheng was not entitled to equitable tolling because she failed to demonstrate prejudice arising from her prior attorney's alleged ineffective assistance. Although Cheng argued that her attorney failed to corroborate her claims and present additional witnesses on her behalf, the BIA accurately found that she failed to specify the evidence or witnesses counsel should have presented and how

6

additional actions by counsel would have altered the outcome of the hearing. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). The BIA also reasonably found that Cheng did not persuasively explain how her counsel's ineffectiveness was the cause of her inconsistent and implausible testimony, or how the failure to amend the declaration in support of her asylum application prejudiced the outcome of her case. Cheng had an opportunity to amend the declaration prior to her hearing and failed to do so. She also failed to submit a revised declaration with her motion to reopen and contrary to Cheng's contention, the BIA considered and reasonably rejected her argument that she was prejudiced by her counsel's failure to challenge the IJ's adverse credibility finding on appeal.

For the foregoing reasons, the petitions for review are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7